IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lionel Lewis Smith, | Crim. No. 4:10-cr-01171-TLW |
| PETITIONER | C/A No. 4:14-cv-02518-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

This matter comes before the Court for consideration of the motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Lionel Lewis Smith.  For the reasons stated below, the Court dismisses the motion.

## I.     Factual and Procedural History

Petitioner pled guilty to Conspiracy to Possess With Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine, and he was sentenced to 156 months incarceration on October 3, 2011.[1]  The PSR reflects that he was sentenced as a career offender under the sentencing guidelines because he had two prior predicate convictions—Assault and Battery of a High and Aggravated Nature ("ABHAN") and Possession of Cocaine Base With Intent to Distribute.  He has filed a motion under 28 U.S.C. § 2255 in which he argues that his ABHAN conviction no longer qualifies as a predicate offense under the decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).  ECF No. 122.

The Court held the motion in abeyance pending the Fourth Circuit's *en banc*

---

[1] On June 19, 2013, the Court reduced his sentence to 120 months pursuant to the Government's Rule 35(b) motion.

consideration of the panel opinion in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). ECF No. 124.  After the Fourth Circuit issued its *en banc* opinion in *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc), this Court lifted the abeyance order and directed the Government to respond to the § 2255 motion.  ECF No. 132.

The Government filed a Motion to Dismiss, asserting that Petitioner's motion should be dismissed as untimely.  ECF No. 133.  He filed a response in which he agreed that the Government's position was correct and that the Court "has no choice based on binding circuit precedent but to dismiss [his] action."  ECF No. 134.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

2

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, and finds that no hearing is necessary.

## III.    Discussion

The Government argues that Petitioner's § 2255 motion should be dismissed as untimely, and he agrees that the Government's position is correct. The Court also agrees.

Judgment was entered on November 29, 2011, so Petitioner had until December 13, 2011 to file a notice of appeal. Because he did not file an appeal, the judgment of conviction in his case became final on December 13, 2011, which is also the date the one-year limitations period began to run. He did not file this motion until June 17, 2014—over two-and-a-half years later.

In his motion, he argued that equitable tolling should apply to toll the statute of limitations. However, as he acknowledges, that argument has now been foreclosed by the *en banc Whiteside* opinion. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case and his motion must be dismissed as untimely.

## IV.    Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 133, is **GRANTED**, and Petitioner's motion for relief pursuant to § 2255, ECF No. 122, is **DENIED**. This action is hereby **DISMISSED**.

Petitioner requests a certificate of appealability to pursue this issue in the appellate courts, as *Whiteside* is not yet final and may be appealed to the Supreme Court. The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing Section 2255

Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_____
Terry L. Wooten
Chief United States District Judge

February 12, 2015
Columbia, South Carolina